## LEWIS HARLOW, *et al.*, v. S. L. WARREN.

CONTINUANCE— *Refusal, Not Reversed.* Where an application is made for the continuance of the trial of a case to another term, upon the ground that the party applying therefor is prevented from attending the court on account of his sickness; and the application is supported, as to the sickness of the party, only by the certificate of a physician; and no affidavit is filed by the physician, or any other person having personal knowledge that the party is unable to attend court: *Held,* That the ruling of the district court in refusing a continuance of the case will not be reversed.

*Error from Greenwood District Court.*

APPLICATION for a continuance, refused at the December Term, 1885. The defendants, *Harlow* and wife, bring the case here. The facts are stated in the opinion.

*T. L. Davis,* and *R. C. Summers,* for plaintiffs in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by S. L. Warren against Lewis and Carrie Harlow, to recover certain land situated in Greenwood county, in this state, which was alleged to have been purchased by Lewis Harlow, with cattle intrusted to him by Warren. A judgment was rendered in favor of Warren and against Lewis and Carrie Harlow as prayed for in the petition.

The only question presented for our consideration is the alleged error of the trial court in refusing a continuance asked for by Lewis Harlow. Continuances are, to some extent, within the discretion of the trial court; and, unless it is shown that the court abused its discretion in granting or refusing a continuance, this court will not declare the ruling of the trial court, in such a case, erroneous. (*Hottenstein v. Conrad,* 9 Kas. 436; *Davis v. Wilson,* 11 id. 74; *Swenson v. Aultman,* 14 id. 273.) The issues in the case were made up on June 6, 1885. At the August term of the court for 1885, the cause was con-

tinued upon the application of Lewis Harlow, who then resided within a few miles of the court house, on account of his alleged sudden illness. His application had been made after the case had been assigned for trial, witnesses subpenaed, and Warren had come all the way from the state of Vermont to be present at the trial. On the 16th day of December, 1885, at the regular term of the court for that month, and long after the cause had been assigned for trial, and after Warren had come again all the way from the state of Vermont to attend the trial, the counsel for Lewis Harlow filed his application for a continuance. This was supported by the following certificate:

"ORWELL, HODGEMAN Co., KAS., Dec. 12th, 1885.—This is to certify that Lewis Harlow, on account of physical disability, is unable to travel, and is under treatment by me.
J. B. WEST, M. D."

Counsel also filed his affidavit that he received a letter from Lewis Harlow on the evening of December 15, 1885, informing him he was sick, and that because of his sickness he was unable to be present at the trial of the case. The affidavit further stated that the testimony of Lewis Harlow was material and essential to a proper defense of the action; and that counsel could not try the cause without his presence. Affidavits were also filed from two parties that they knew J. B. West; and that he was a reputable citizen and physician, residing at Orwell, in Hodgeman county, in this state. No affidavit was filed, or any oral testimony presented from any person having personal knowledge that Lewis Harlow was sick and unable to attend the trial.

In this condition of the case, we perceive no error in the ruling of the trial court. We cannot treat the certificate of the physician as an affidavit. The counsel making the affidavit for continuance does not claim that he had any personal knowledge of the sickness of his client; and the other affidavits do not show that Harlow was sick or unable to travel. An affidavit should have been presented from Harlow, or from his physician, or from some other person having personal

knowledge that Harlow was prevented from attending court by sickness, if he was in fact sick. We do not think the certificate of the physician can be accepted as an affidavit. The affidavits do not establish from personal knowledge the sickness or inability of Harlow to attend court.

The judgment of the district court will be affirmed.

All the Justices concurring.